UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA YERIKE,<br><br>    Plaintiff,<br><br>    v.<br><br>VALERIE MAJANO, et al.,<br><br>    Defendant. | No. 2:20-cv-2555 KJM DB PS<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff Debra Yerike is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1). Pending before the undersigned is a motion to substitute in as the sole defendant and to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure filed by the United States. (ECF No. 3.) For the reasons stated below, the undersigned recommends that the motion be granted and plaintiff's complaint be dismissed without leave to amend.

**BACKGROUND**

Plaintiff, proceeding pro se, commenced this action on March 3, 2020, by filing a complaint in the Yolo County Superior Court. (ECF No. 1-1.) Therein, plaintiff alleges that Dr. Valerie Majano, DDS, and Dr. Dennis Su, DMD, "neglected to property (sic) treat Plaintiff

////

////

1

patient's tooth." (Compl. (ECF No. 1-1) at 3.[1]) The United States removed the matter to this court on December 30, 2020, because at the time of the events at issue Dr. Majano and Dr. Su were employed by a Federally Supported Health Center. (ECF No. 1 at 1.)

The United States filed the pending motion to dismiss on January 6, 2021. (ECF No. 3.) After plaintiff failed to file a timely opposition, the undersigned issued plaintiff an order to show cause on February 8, 2021. (ECF No. 8.) Plaintiff filed a response on February 18, 2021. (ECF No. 10.) Defendant filed a reply on March 5, 2021. (ECF No. 11.) The motion was taken under submission on March 8, 2021. (ECF No. 13.)

**STANDARD**

**I.  Legal Standards Applicable to Motions to Dismiss Pursuant to Rule 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

2

evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

**ANALYSIS**

**I.   Defendant's Motion to Dismiss**

The motion to dismiss establishes that Dr. Majano and Dr. Su "were both acting within the scope of their employment as dentists at . . . a federally funded health center covered by 42. U.S.C. § 233(g)." (Def.'s MTD (ECF No. 3-1) at 4; Torres Decl. (ECF No. 3-2) at 2.) § 233 "grants absolute immunity to" such "employees for actions arising out of the performance of medical or related functions within the scope of their employment and "limits recovery for such conduct to suits against the United States." Hui v. Castaneda, 559 U.S. 799, 806 (2010).

An action based on the negligent or wrongful conduct of a government employee must be brought against the United States as a claim pursuant to the Federal Tort Claims Act, ("FTCA"). 28 U.S.C. §§ 2671-2680; see also Kennedy v. U.S. Postal Service, 145 F.3d 1077, 1078 (9th Cir. 1998) ("the United States is the only proper party defendant in an FTCA action"). The FTCA "vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees." Jerves v. United States, 966 F.2d 517, 518 (9th Cir. 1992).

The FTCA "further provides that before an individual can file an action against the United States in district court, she must seek an administrative resolution of her claim." Id. Specifically, the FTCA provides that:

> An action shall not be instituted upon a claim against the United
> States for money damages for injury or loss of property or personal
> injury or death caused by the negligent or wrongful omission of any

3

employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675(a). "The requirement of an administrative claim is jurisdictional" and "must be strictly adhered to." Valadez–Lopez v. Chertoff, 656 F.3d 851, 855 (9th Cir. 2011) (quotation omitted). "We are not allowed to proceed in the absence of fulfillment of the conditions merely because dismissal would visit a harsh result upon the plaintiff." Vacek v. U.S. Postal Service, 447 F.3d 1248, 1250 (9th Cir. 2006).

In support of the motion to dismiss, the United States has submitted a declaration from Meredith Torres, a Senior Attorney in the General Law Division, Office of the General Counsel, Department of Health and Human Services. (Torres Decl. (ECF No. 3-2) at 1-2.) The declaration asserts that "a search of the Claims Office's database . . . found no record of an administrative tort claim" filed by plaintiff relating to Dr. Majano and/or Dr. Su. (Id. at 2.)

In response to defendant's motion, plaintiff does not allege to have submitted an administrative claim. (ECF No. 10.) Plaintiff, therefore, has failed to satisfy the burden with respect to administrative exhaustion. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "When a plaintiff fails to exhaust administrative remedies against the United States, as required by the FTCA, the proper route is dismissal" without prejudice. Wilson v. Horton's Towing, 906 F.3d 773, 783 (9th Cir. 2018).

**II.     Leave to Amend**

For the reasons stated above, the United States' motion to dismiss should be granted. The undersigned has carefully considered whether plaintiff could amend the complaint to state a claim over which the court would have subject matter jurisdiction. Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988); see also Klamath-Lake

////

Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, given plaintiff's complete and repeated failure to allege administrative exhaustion, the undersigned finds that granting plaintiff leave to amend would be futile.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The United States be substituted as the sole defendant;

2. The January 6, 2021 motion to dismiss (ECF No. 3) be granted;

3. The complaint be dismissed without prejudice; and

4. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  May 10, 2021

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\yerike2555.mtd.f&rs

5